James D. Gilmore, ASBA 6702007
GILMORE & DOHERTY, P.C.
1029 W. 3rd Avenue, Suite 500
Anchorage, Alaska 99501-1982
Telephone: 279-4506
Facsimile: 279-4507
Attorneys for Defendant
Providence Health Care System Washington
d/b/a Providence Alaska Medical Center


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

SHAWN KLEMMER and                       )
STEPHANIE KLEMMER,                      )
                                        )
                   Plaintiffs,          )
                                        )
vs.                                     )
                                        )
PROVIDENCE HEALTH SYSTEM -              )
WASHINGTON d/b/a PROVIDENCE             )
ALASKA MEDICAL CENTER,                  )
KIMBERLY-CLARK CORPORATION, and )
MEDIVANCE, INC.,                        )
                                        )
                   Defendants.          )
_____)  No. A05-294CV (RRB)


**ANSWER TO AMENDED COMPLAINT**

Defendant, Providence Health Care System Washington d/b/a Providence Alaska Medical Center, hereinafter referred to as PAMC, in Answer to Plaintiffs' Amended Complaint, states:

**I.    JURISDICTION**

1.    PAMC lacks knowledge or information sufficient to from a belief concerning each and every allegation contained in paragraphs 1 and 2 of Plaintiffs' Amended Complaint.

Gilmore & Doherty
ATTORNEY AT LAW
RESOLUTION PLAZA
1029 W. 3RD AVE., SUITE 500
ANCHORAGE, ALASKA
99501-1982
TEL (907) 279-4506
FAX (907) 279-4507

3.    Admitted.

4.    PAMC lacks knowledge or information sufficient to from a belief concerning each and every allegation contained in paragraphs 4 and 5 of Plaintiffs' Amended Complaint.

## II.   GENERAL ALLEGATIONS

### A.    The Arctic Sun

6.    PAMC admits that Medivance placed the Arctic Sun Temperature Management System Model 100 in Providence on trial in the fall of 2002, in response to a request by Dr. Steven Jones, who apparently wanted to use it during his off-pump bypass surgeries for patient temperature control. PAMC lacks knowledge or information sufficient to form a belief concerning each and every remaining allegation contained in paragraph 6 of Plaintiffs' Amended Complaint.

7.    Admitted.

8.    In response to the allegations contained in paragraphs 8, 9, 10, 11, 12, 13 and 19 of Plaintiffs' Amended Complaint, PAMC admits that product literature describes the Arctic Sun System. If the product literature does not say what plaintiff alleges it says in paragraphs 8 through 13, PAMC denies those allegations.

14.    Admitted.

15.    Admitted.

16.    Admitted.

e & Doherty
NEY AT LAW
UTION PLAZA
AVE., SUITE 500
AGE, ALASKA
01-1982
7) 279-4506
7) 279-4507

17.    PAMC lacks knowledge or information sufficient to from a belief concerning each and every allegation contained in paragraphs 17 and 18 of Plaintiffs' Amended Complaint.

19.    See paragraph 8 above.

20.    Admitted.

21.    PAMC lacks knowledge or information sufficient to from a belief concerning each and every allegation contained in paragraphs 21, 22, and 23 of Plaintiffs' Amended Complaint.

B.    **Providence's Policy Regarding Trial/New Equipment**

24.    In response to paragraphs 24, 25, and 26 of Plaintiffs' Amended Complaint, PAMC admits that Policy PAMC 990.008 establishes guidelines for trial products and new equipment and that the purposes of those guidelines are described in PAMC 990.008. PAMC denies each and every remaining allegation contained in paragraphs 24, 25, and 26 of Plaintiffs' Amended Complaint.

27.    Providence admits that there was one in-service provided by a representative from Medivance, and denies each and every remaining allegation contained in paragraph 27 of Plaintiffs' Amended Complaint.

28.    Providence admits that at least one of the Providence operating room nurses who attended to Mr. Klemmer during his surgery, and who assisted placing the pads on Mr. Klemmer, did not attend the in-service on the Arctic Sun 100,

Gilmore & Doherty
ATTORNEY AT LAW
RESOLUTION PLAZA
29 W. 3RD AVE., SUITE 500
ANCHORAGE, ALASKA
99501-1982
EL (907) 279-4506
AX (907) 279-4507

but denies each and every remaining allegation contained in paragraph 28 of Plaintiffs' Amended Complaint.

29.   PAMC lacks knowledge or information sufficient to from a belief concerning each and every allegation contained in paragraph 29 of Plaintiffs' Amended Complaint.

30.   PAMC admits that there is no documentation of the in-service that was provided by the Medivance representative, but denies each and every remaining allegation contained in paragraph 30 of Plaintiffs' Amended Complaint.

31.   PAMC admits that the Biomedical Division of Providence inspects new equipment for several purposes, including how it functions.

32.   PAMC admits that the Biomedical Division inspects new equipment for several purposes, including safety. PAMC denies that its Biomedical Department can "make sure" that the product has no hidden defects or is safe to use under all possible applications.

33.   Admitted.

34.   Admitted.

35.   Admitted.

36.   Denied.

37.   Admitted.

C.    **Mr. Klemmer's November 13, 2003 Surgery**

38.   Admitted.

Gilmore & Doherty
ATTORNEY AT LAW
RESOLUTION PLAZA
1029 W. 3RD AVE., SUITE 500
ANCHORAGE, ALASKA
99501-1982
TEL (907) 279-4506
FAX (907) 279-4507

39.    PAMC admits that the Arctic Sun 100, acquired by Providence from Medivance and upgraded by Providence with a product provided by, and pursuant to the direction of, Kimberly-Clark was used by Dr. Chen, the anesthesiologist, to control Mr. Klemmer's body temperature during the surgery, and denies each and every remaining allegation contained in paragraph 39 of Plaintiffs' Amended Complaint.

40.    Admitted.

41.    Providence admits that the anesthesiologist placed a temperature probe for the Arctic Sun 100 in one of Mr. Klemmer's nasal cavities, and denies each and every remaining allegation contained in paragraph 41 of Plaintiffs' Amended Complaint.

42.    PAMC lacks knowledge or information sufficient to from a belief concerning each and every allegation contained in paragraph 42 of Plaintiffs' Amended Complaint.

43.    Denied.

44.    The events described in paragraphs 44 through 49 are chronicled in Mr. Klemmer's medical chart, which is incorporated by reference herein. PAMC denies any allegations inconsistent with the facts set forth in the chart.

50.    Admitted.

51.    Admitted.

52.    Admitted.

Gilmore & Doherty
ATTORNEY AT LAW
RESOLUTION PLAZA
1029 W. 3RD AVE., SUITE 500
ANCHORAGE, ALASKA
99501-1982
TEL (907) 279-4506
FAX (907) 279-4507

53.   PAMC admits that Mr. Klemmer's burn is described in his medical chart, and denies each and every remaining allegation contained in paragraph 53 of Plaintiffs' Amended Complaint.

54.   PAMC lacks knowledge or information sufficient to from a belief concerning each and every allegation contained in paragraph 54 of Plaintiffs' Amended Complaint.

55.   Admitted.

56.   PAMC lacks knowledge or information sufficient to from a belief concerning each and every allegation contained in paragraphs 56, 57, and 58 of Plaintiffs' Amended Complaint.

## III. CAUSE OF ACTION AGAINST MEDIVANCE/KIMBERLY-CLARK/ PROVIDENCE FOR STRICT LIABILITY – DEFECTIVE PRODUCT

59.   PAMC restates and incorporates by reference herein each and every answer made to paragraphs 1 through 58 of Plaintiffs' Amended Complaint.

60.   PAMC admits that Medivance manufactured the Arctic Sun 100 Temperature Management System and supplied a unit to Providence on trial in or around November of 2002, and denies each and every remaining allegation contained in paragraph 60 of Plaintiffs' Amended Complaint.

61.   Admitted.

62.   Admitted.

Gilmore & Doherty
ATTORNEY AT LAW
RESOLUTION PLAZA
29 W. 3RD AVE., SUITE 500
ANCHORAGE, ALASKA
99501-1982
TEL (907) 279-4506
FAX (907) 279-4507

63.   PAMC denies that its employees or agents caused the product to be defective, and lacks knowledge or information sufficient to form a belief concerning each and every remaining allegation contained in paragraph 63 of Plaintiffs' Amended Complaint.

64.   PAMC lacks knowledge or information sufficient to form a belief concerning each and every allegation contained in paragraphs 64, 65, and 66 of Plaintiffs' Amended Complaint.

## IV.   CAUSE OF ACTION AGAINST MEDIVANCE/KIMBERLY-CLARK FOR STRICT LIABILITY, FAILURE TO WARN

67.   PAMC restates and incorporates by reference herein each and every answer made to paragraphs 1 through 66 of Plaintiffs' Amended Complaint.

68.   PAMC lacks knowledge or information sufficient to form a belief concerning each and every allegation contained in paragraph 68 of Plaintiffs' Amended Complaint.

69.   Admitted.

70.   PAMC lacks knowledge or information sufficient to form a belief concerning each and every allegation contained in paragraph 70 of Plaintiffs' Amended Complaint.

Gilmore & Doherty
ATTORNEY AT LAW
RESOLUTION PLAZA
1029 W. 3RD AVE., SUITE 500
ANCHORAGE, ALASKA
99501-1982
TEL (907) 279-4506
FAX (907) 279-4507

## V. CAUSE OF ACTION AGAINST MEDIVANCE/KIMBERLY-CLARK – NEGLIGENCE

71. PAMC restates and incorporates by reference herein each and every answer made to paragraphs 1-70 of Plaintiffs' Amended Complaint.

72. Admitted.

73. PAMC lacks knowledge or information sufficient to form a belief concerning each and every allegation contained in paragraphs 73 and 74 of Plaintiffs' Amended Complaint.

## VI. CAUSE OF ACTION AGAINST PROVIDENCE – NEGLIGENCE

75. PAMC restates and incorporates by reference herein each and every answer made to paragraphs 1-74 of Plaintiffs' Amended Complaint.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

By further answer and affirmative defense, PAMC states:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

Gilmore & Doherty
ATTORNEY AT LAW
RESOLUTION PLAZA
29 W. 3RD AVE., SUITE 500
ANCHORAGE, ALASKA
99501-1982
TEL (907) 279-4506
FAX (907) 279-4507

## SECOND AFFIRMATIVE DEFENSE

Mr. Klemmer's damages, if any, were caused in whole or in part by his own actions and negligence.

## THIRD AFFIRMATIVE DEFENSE

Mr. Klemmer's damages, if any, were caused in whole or in part by other parties for whom answering defendants are not responsible.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are barred in whole or in part due to Mr. Klemmer's failure to mitigate damages.

## FIFTH AFFIRMATIVE DEFENSE

PAMC is entitled to the benefits of AS 09.530 through 09.55.560.

## SIXTH AFFIRMATIVE DEFENSE

PAMC is entitled to the benefits of AS 09.17.010 and AS 09.17.900.

## RESERVATION OF FURTHER AFFIRMATIVE DEFENSES

PAMC incorporates by reference the Affirmative Defenses of all other defendants, and reserves the right to assert such other affirmative defenses as may be discovered during the course of discovery and preparation herein.

Gilmore & Doherty
ATTORNEY AT LAW
RESOLUTION PLAZA
1029 W. 3RD AVE., SUITE 500
ANCHORAGE, ALASKA
99501-1982
TEL (907) 279-4506
FAX (907) 279-4507

WHEREFORE, having fully answered Plaintiffs' Amended Complaint, and having stated affirmative defenses thereto, PAMC requests that said Amended Complaint be dismissed with prejudice, that the plaintiff take nothing thereby, and that PAMC be awarded its costs and disbursements herein, with a reasonable amount for attorney's fees, plus such other and further relief as this Court deems just and equitable.

DATED this 6 day of January, 2006, at Anchorage, Alaska.

GILMORE & DOHERTY, P.C.
Counsel for Defendant
Providence Health System -
Washington d/b/a Providence
Alaska Medical Center

By: _____
James D. Gilmore
ABA 6702007

CERTIFICATE OF SERVICE
I HEREBY CERTIFY that on this 6 day of January, 2006, a true and correct copy of the foregoing was delivered by fax mail hand delivery to:

Donna J. McCready, Esq.
Ashburn & Mason, P.C.
1130 W. 6th Avenue, Suite 100
Anchorage, Alaska 99501-5914

Frank A. Pfiffner
Hughes Bauman Pfiffner Gorski & Seedorf, LLC
3900 C Street, Suite 1001
Anchorage, Alaska 99503-5931

Gilmore & Doherty
ATTORNEY AT LAW
RESOLUTION PLAZA
1029 W. 3RD AVE., SUITE 500
ANCHORAGE, ALASKA
99501-1982
TEL (907) 279-4506
FAX (907) 279-4507

Michael C. Geraghty
DeLisio Moran Geraghty & Zobel, PC
943 W. 6th Ave.
Anchorage, Alaska 99501-2033

GILMORE & DOHERTY

By:  *Deb Lash*

Deb Lash, Legal Secretary
F:\Providence.Klemmer\AnswerAmdComp.doc

Gilmore & Doherty
ATTORNEY AT LAW
RESOLUTION PLAZA
1029 W. 3RD AVE., SUITE 500
ANCHORAGE, ALASKA
99501-1982
TEL (907) 279-4506
FAX (907) 279-4507