Michael C. Geraghty, Esq.
Adolf V. Zeman, Esq.
DeLisio Moran Geraghty & Zobel, P.C.
943 W. 6th Avenue
Anchorage, AK 99501
Telephone: (907) 279-9574
Facsimile: (907) 276-4231
E-Mail: mgeraghty@dmgz.com

Attorneys for Defendant Kimberly Clark Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

SHAWN KLEMMER and
STEPHANIE KLEMMER,             )
                               )
              Plaintiffs,      )
                               )
v.                             )
                               )
PROVIDENCE HEALTH SYSTEMS -    )
WASHINGTON d/b/a PROVIDENCE    )
ALASKA MEDICAL CENTER;         )
KIMBERLY-CLARK CORPORATION,    )
and MEDIVANCE, INC.,           )
                               )   Case No. 3:05-cv-00294-RRB
              Defendants.      )
_____)

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Kimberly-Clark Corporation ("KCC"), by and through its attorneys, DeLisio Moran, Geraghty & Zobel, P.C., for their answer to the Plaintiffs' Amended Complaint, states and alleges as follows:

**I. JURISDICTION**

1-4. Defendant is without information or belief as to the allegations contained in these paragraphs, and therefore denies the same.

5.   KCC admits that it is a foreign corporation and is licensed to do business in Alaska.   The remainder of this

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
‾‾‾‾
(907) 279-9574

paragraph states a conclusion of law for which no response is required.

**II. <u>GENERAL ALLEGATIONS</u>**

**A.    The Arctic Sun**

6.    This allegation is directed against another defendant; KCC is without information or belief as to the allegations in this paragraph, and therefore denies the same.

7.    KCC admits that this paragraph generally describes the application of the Arctic Sun Temperature Management System. However, detailed instructions for the use and application of the system are provided to users; to the extent plaintiffs have mischaracterized information in this paragraph KCC denies the same.

8-16. KCC admits that it has product literature that speaks for itself; to the extent plaintiffs have mischaracterized, misquoted, or lifted excerpts out of context, all allegations and inferences are denied.

17. KCC admits that it entered into a license and supply agreement with Medivance relating to, among other things, the product in question on or about May 27, 2003.  All remaining allegations in this paragraph are denied.

18. Defendant is without information or belief as to the allegations in this paragraph, and therefore denies the same.

19. KCC admits that it has product literature that speaks for itself; to the extent plaintiffs have mischaracterized, misquoted, or lifted excerpts out of context, all allegations and inferences are denied.

20. Defendant is without information or belief as to the allegations in this paragraph, and therefore denies the same.

21-23. Defendant is without information or belief as to the allegations in these paragraphs, and therefore denies the same.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

‾‾‾

(907) 279-9574

**B.    Providence's Policy Regarding Trial/New Equipment**

24-26.  These allegations are directed against another defendant; KCC is without information or belief as to the allegations in these paragraphs, and therefore denies the same.

27-29.  Based upon testimony and information provided to KCC, the allegations in these paragraphs are admitted.  However, KCC reserves its right to amend, supplement or alter this response as facts are disclosed through discovery and/or trial preparation.

30-36.  These allegations are directed against another defendant; KCC is without information or belief as to the allegations in these paragraphs, and therefore denies the same.

37.  Defendant is without information or belief as to the allegations in this paragraph, and therefore denies the same.

**C.    Mr. Klemmer's November 13, 2003 Surgery.**

38-53.  KCC admits there is testimony and medical records which detail and document the information provided in these paragraphs; to the extent plaintiffs have mischaracterized, misquoted, or lifted excerpts or information out of context, all allegations and inferences are denied.

54.  Defendant is without information or belief as to the allegations in this paragraph, and therefore denies the same.

55-58.  Defendant is without knowledge or belief as to the allegations in these paragraphs, and therefore denies the same.


**III.  CAUSE OF ACTION AGAINST MEDIVANCE/KIMBERLY-CLARK/PROVIDENCE
FOR STRICT LIABILITY – DEFECTIVE PRODUCT**

59.  Defendant adopts and incorporates herein by reference its responses to all preceding paragraphs of Plaintiff's Amended Complaint, as if fully set forth.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

60. This allegation is directed against another defendant; KCC is without information or belief as to the allegations in this paragraph, and therefore denies the same.

61-62. Defendant is without information or belief as to the allegations in these paragraphs, and therefore denies the same.

63-66. To the extent that the allegations in these paragraphs are directed against KCC, KCC denies the same.

## IV. CAUSE OF ACTION AGAINST MEDIVCE/KIMBERLY-CLARK FOR STRICT LIABILITY – FAILURE TO WARN

67. Defendant adopts and incorporates herein by reference its responses to all preceding paragraphs of Plaintiff's Amended Complaint, as if fully set forth.

68-70. To the extent that the allegations in these paragraphs are directed against KCC, KCC denies the same.

## V. CAUSE OF ACTION AGAINST MEDIVANCE/KIMBERLY-CLARK – NEGLIGENCE

71. Defendant adopts and incorporates herein by reference its responses to all preceding paragraphs of Plaintiff's Amended Complaint, as if fully set forth.

72. KCC admits that it owes a duty of care to all foreseeable patients who come into contact with its products when they are used in the appropriate and intended fashion.

73-74. To the extent these allegations are directed against KCC, it affirmatively denies that its product was defectively designed or that it breached its duty of care to plaintiffs.

## VI. CAUSE OF ACTION AGAINST PROVIDENCE – NEGLIGENCE

75. Defendant adopts and incorporates herein by reference its responses to all preceding paragraphs of Plaintiff's Amended Complaint, as if fully set forth.

76-79. These allegations are directed against another defendant; KCC is without information or belief as to the allegations in these paragraphs, and therefore denies the same.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033

(907) 279-9574

## **AFFIRMATIVE DEFENSES**

1.    Plaintiffs have failed to state a claim against KCC for which relief can be granted.

2.    Plaintiffs' alleged injuries, damages, and/or losses were proximately caused by the actions of others, including unnamed third parties, to whom fault should be allocated pursuant to AS 09.17.080.

3.    Under the circumstances described, KCC's product was misused and it should not be held accountable for that misuse.

4.    KCC's product, as designed, did not pose any unreasonable danger when employed by a trained and knowledgeable user.

5.    Plaintiffs' alleged injuries were caused by the intervening and superseding negligence of other parties.

6.    Plaintiffs had full knowledge of, accepted, and/or assumed all risks and possible adverse effects related to the procedure of open-heart surgery.    Plaintiffs' recovery, therefore, is barred, diminished, reduced, or offset under the principles of assumption of the risk and/or informed consent.

7.    The Arctic Sun Temperature Management System is a medical device which is not sold to individual consumers, but is sold to hospitals and doctors who function as a "learned intermediary" between individual patients and KCC.    The Arctic Sun Temperature Management System was sold with adequate warnings and instructions to the hospital, and the hospital was aware of all facts and circumstances necessary to make a determination regarding the safe use of the Arctic Sun Temperature Management System with plaintiff.

8    Plaintiffs' complaint with regard to the Arctic Sun Temperature Management System is barred, in whole or in part, by comments j and k to § 402(a) of the Restatement Second of Torts.

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
____

(907) 279-9574

00100465.DOC – Amended Answer and Affirmative Defenses
Klemmer v. Providence et. al., Case No. 3:05-cv-00294-RRB; Page 5 of 7

9.   Plaintiffs failed to mitigate their damages, if any.

10.  Plaintiffs' Amended Complaint is barred by the applicable statute of limitations (AS 09.10.070) in that the Amended Complaint, adding KCC as a party to the state court litigation, was not accepted for filing by the Superior Court until November 16, 2005, more than two years after the incident that allegedly caused damage to Plaintiffs.

11.  KCC reserves its right to assert such additional affirmative defenses and/or claims which might be appropriate as facts are disclosed through discovery and/or trial preparation.

WHEREFORE, Defendant respectfully requests this court to enter the following relief:

1.   For dismissal of Plaintiffs' Complaint, with prejudice;

2.   For an award of reasonable costs and attorney fees incurred in defending this section, and;

3.   For such additional relief as this court deems appropriate.

DATED this 3rd day of February, 2006, at Anchorage, Alaska.

DeLisio Moran Geraghty & Zobel, P.C.
Attorneys for Defendant
Kimberly-Clark Corporation

/s/ Michael C. Geraghty
By: _____
Michael C. Geraghty
Bar No. 7811097

/s/ Adolf V. Zeman
By: _____
Adolf V. Zeman
Bar No. 0411082

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
‾‾‾‾‾

(907) 279-9574

00100465.DOC – Amended Answer and Affirmative Defenses
Klemmer v. Providence et. al., Case No. 3:05-cv-00294-RRB; Page 6 of 7

This is to certify that a true copy of the
foregoing was served via electronic service
or U.S. Mail this 3rd day of February, 2006,
to the following:

Donna J. McCready, Esq.              James D. Gilmore, Esq.
Ashburn & Mason, P.C.                Gilmore & Doherty
1130 W. 6th Ave., Ste. 100           1029 W. 3rd Ave., Ste. 500
Anchorage, AK 99501-5914             Anchorage, AK 99501

Frank A. Pfiffner, Esq.
Hughes Bauman Pfiffner, et al.
550 W. 7th Ave., Ste. 1100
Anchorage, AK 99501-3563

       /s/ Juliana Wood
By_____
       Juliana Wood

DELISIO MORAN
GERAGHTY & ZOBEL, P.C.

943 WEST 6TH AVENUE
ANCHORAGE, ALASKA
99501-2033
_____

(907) 279-9574

00100465.DOC - Amended Answer and Affirmative Defenses
Klemmer v. Providence et. al., Case No. 3:05-cv-00294-RRB; Page 7 of 7