Frank A. Pfiffner
Hughes Bauman Pfiffner
Gorski & Seedorf, LLC
3900 C Street, Suite 1001
Anchorage, Alaska  99503
Telephone Number:   (907) 263-8241
Facsimile Number:   (907) 263-8320
FAP@hbplaw.net
ABA No. 7505032

Attorneys for Defendant
Medivance, Inc.

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SHAWN KLEMMER and STEPHANIE KLEMMER, <br><br> Plaintiffs, <br><br> vs. <br><br> PROVIDENCE HEALTH SYSTEM - WASHINGTON d/b/a PROVIDENCE ALASKA MEDICAL CENTER; KIMBERLY-CLARK CORPORATION, and MEDIVANCE, INC. <br><br> Defendants. | <br><br><br><br><br><br><br><br><br><br><br> 3:05-cv-00294-RRB |

## MEDIVANCE, INC.'S MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

Medivance, Inc.'s Motion for Summary Judgment
*Klemmer v. Providence Health, et al.*
Case No.: 3:05-cv-00294-RRB
(8983-1/243273)

COMES NOW Defendant Medivance, Inc. ("Medivance") and files this Motion for Summary Judgment on all claims asserted against it by Plaintiffs Shawn and Stephanie Klemmer on the grounds that more than two years elapsed following Mr. Klemmer's discovery of his alleged injury before the Klemmers filed their amended complaint adding Medivance to this action. On these facts, the applicable statute of limitation in Alaska for personal injury, A.S. 09.10.070, bars the Plaintiffs' claims against Medivance and their claims should, therefore, be dismissed. Despite Plaintiffs' knowledge of Medivance's identity as the manufacturer of the Arctic Sun Warming Blanket at issue in this matter, Plaintiffs waited until more than two years had passed following Mr. Klemmer's alleged injury before filing a claim against Medivance.

## FACT STATEMENT

Plaintiffs filed their complaint on **May 6, 2005**, against Providence Health System – Washington d/b/a Providence Alaska Medical Center, Providence Anchorage Anesthesia Medical Group, P.C., and Barbara M. Chen, M.D.[1] In their complaint, the Plaintiffs allege that on November 13, 2003, Mr. Klemmer underwent open heart surgery at Providence Hospital.[2] According to the Complaint, the hospital and the anesthesiologist utilized an Arctic Sun heating system, with two Arctic Sun pads during the surgery.[3] The Plaintiffs claim that the use of the heating system resulted in a full

---

[1] A copy of the Complaint filed on May 6, 2005 is attached hereto as Exhibit A.
[2] Exhibit A, paragraph 6.
[3] Exhibit A, paragraph 12.

Medivance, Inc.'s Motion for Summary Judgment
*Klemmer v. Providence Health, et al.*
Case No.: 3:05-cv-00294-RRB
(8983-1/243273)

thickness third degree burn to his back during his bypass surgery which measured 10 cm x 15 cm.[4]

On November 14, 2005, the Plaintiffs filed an Amended Complaint, a stipulation signed by all the then existing parties to the action, and a proposed order.[5]  The order allowing amendment of the Complaint was signed by the court on November 16, 2005.[6] The Summons and Amended Complaint were actually served on Medivance on November 22, 2005.[7]  Medivance filed its entry of appearance on December 14, 2005.[8] Medivance promptly gave notice of removal to this court on the basis of complete diversity.[9]  Medivance has asserted the affirmative defense that the Plaintiffs' claims against it are barred by the applicable statute of limitations, AS 09.10.070.[10]

## LEGAL STANDARD

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

---

[4] Exhibit A, paragraph 24.

[5] A copy of the Stipulation and Order for Amending Complaint without Motion and Amending Case Caption filed on November 14, 2005 and signed by the court on November 16, 2005, is attached hereto at Exhibit B.  A copy of the Amended Complaint is attached hereto as Exhibit C.

[6] *See* Exhibit B.

[7] A copy of the Rule 4(f) Affidavit of Service on Defendants filed on November 28, 2005, is attached hereto as Exhibit D.

[8] A copy of Medivance, Inc.'s Entry of Appearance is attached hereto as Exhibit E.

[9] A copy of the Medivance Notice of Removal is attached hereto as Exhibit F.

[10] A copy of Medivance's Amended Answer to Plaintiffs' Amended Complaint is attached hereto at Exhibit G.  See Affirmative Defense No. 10, therein.

Medivance, Inc.'s Motion for Summary Judgment
*Klemmer v. Providence Health, et al.*
Case No.: 3:05-cv-00294-RRB
(8983-1/243273)

judgment as a matter of law."[11]  Under Fed. R. Civ. P. 56, the moving party bears the burden to show initially the absence of a genuine issue concerning any material fact.[12] This burden may be discharged by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case.[13]

Once the moving party makes the required showing the burden shifts to the nonmoving party to come forward with sufficient evidence to demonstrate that there is a triable issue of fact.[14] There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.[15] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[16]

## ARGUMENT

> Statutes of limitation are primarily designed to assure fairness to defendants and to promote justice by preventing surprises through the revival claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared; moreover, the courts ought to be relieved of the burden of trying stale claims when a plaintiff has slept on his rights.[17]

---

[11] Fed. R. Civ. P. 56(c).

[12] *Every v. United States Internal Revenue Service*, 1995 U.S. App. LEXIS 7708, at *3 (9th Cir. 1995).

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *United States v. Marion*, 404 U.S. 307, 323; 92 S. Ct. 455, 465; 30 L. Ed. 2d 468, 480 (1971).

Medivance, Inc.'s Motion for Summary Judgment
*Klemmer v. Providence Health, et al.*
Case No.: 3:05-cv-00294-RRB
(8983-1/243273)

The theory behind the civil statute of limitations is that "even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them."[18]

Under Alaska law, a tort claim must be filed "within two years of the accrual of the cause of action." AS 09.10.070(a). A personal injury claim ordinarily "accrues" when the plaintiff is injured.[19] The Alaska Supreme Court has adopted a discovery rule which provides that a claim accrues "'when the plaintiff has information which is sufficient to alert a reasonable person to begin an inquiry to protect his rights.'"[20] Once a plaintiff has information sufficient to alert a reasonable person to begin an inquiry to protect his or her rights, the plaintiff is deemed to have notice of all facts which reasonable inquiry would disclose.[21]

Under Fed. R. Civ. P. 15(c), an amendment of a pleading relates back to the date of the original pleading when:

> The amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2)[22] is satisfied and, within the period provided by Rule 4(m)

---

[18] *Id.*

[19] *See Pedersen v. Zielski*, 822 P.2d 903, 906 (Alaska 1991).

[20] *John's Heating Service v. Lamb*, 46 P.3d 1024, 1031 (Alaska 2002) (*quoting Cameron v. State*, 822 P.2d 1362, 1367 (Alaska 1991)).

[21] *Makin v. Pfizer, Inc.,* 144 Fed. Appx. 648, 649; 2005 U.S. App. LEXIS 17432, at 3-4 (9th Cir. 2005).

[22] Subparagraph 2 of Rule 15 requires the claim or defense asserted in the amended pleading arose out of the same conduct set forth in the original pleading.

Medivance, Inc.'s Motion for Summary Judgment
*Klemmer v. Providence Health, et al.*
Case No.: 3:05-cv-00294-RRB
(8983-1/243273)

> for service of the summons and complaint, the party to be
> brought in by amendment (A) has received such notice of the
> institution of the action that the party will not be prejudiced in
> maintaining a defense on the merits, and (B) knew or should
> have known that, but for a mistake concerning the identity of
> the proper party, the action would have been brought against
> the party.

In other words, an amended complaint naming a new party relates back to the filing date of the original complaint if it arose from the same conduct or transaction, and within 120 days of the original complaint, the new party had notice of the litigation such that it would not be prejudiced, and knew or should have known it was the proper defendant.[23]

Shawn Klemmer underwent surgery on November 13, 2003, from 7:49 a.m. through 7:22 p.m.[24] He allegedly received his burns from the Arctic Sun Temperature Management System on that same day during his eleven hour surgery.[25] The burn was discovered by the anesthesiologist and the Providence nursing staff removed the pads from Mr. Klemmer's back.[26] The burns to Mr. Klemmer's back were thus discovered immediately after his surgery, on the evening of **November 13, 2003**.

Mr. Klemmer described the Arctic Sun Temperature Management System in his original complaint, filed May 6, 2005, within the two year limitation period. Mr. Klemmer describes the use of the Arctic Sun system, with two Arctic Sun pads, in his

---

[23] *See* Fed. R. Civ. P. 15(c); and *Thompson v. Nat'l Mediation Board*, 44 Fed. Appx. 849, 850; 2002 U.S. App. LEXIS 17220 at 2 (9th Cir. 2002) (citing *G.F. Co. v. Pan Ocean Shipping Co. Ltd.*, 23 F.3d 1498, 1501 (9th Cir. 1994).
[24] Exhibit C, paragraphs 44-47.
[25] Exhibit C, paragraph 51.
[26] *Id.*

Medivance, Inc.'s Motion for Summary Judgment
*Klemmer v. Providence Health, et al.*
Case No.: 3:05-cv-00294-RRB
(8983-1/243273)

original Complaint, filed on May 6, 2005.[27]  Moreover, discovery produced by the parties

in July, 2005, clearly identify Medivance as the manufacturer.[28]  Thus, the investigation

conducted by the Klemmers revealed the identity of the applicable product manufacturer,

Medivance, well before the expiration of the limitations period.

Despite knowledge of the injury on November 13, 2003, and despite their

knowledge of the identity of the Arctic Sun's manufacturer no later than the summer of

2005, the Klemmers waited until after the two year limitation period had lapsed before

seeking and obtaining permission from the court to add Medivance to this action.  And

there is no evidence that the Plaintiffs made any effort prior to the expiration of the

limitations period to notify Medivance that, but for a mistake, it would have been named

as a party.  In fact, there does not appear to have been any attempt on the part of the

plaintiffs to file claims on a theory of product liability or product-related negligence until

after the limitations period had lapsed.

Medivance was not notified by the Klemmers in May that they had filed a lawsuit

stemming from an injury allegedly caused by Medivance's product.  Neither did the

Klemmers notify Medivance that it should have been named a proper party in June, July,

August, September, or October of 2005. They neglected to do so despite their knowledge

that Medivance had manufactured the heating system at issue, and despite knowledge that

---

[27] *See generally*, Exhibit A.

[28] A copy of Providence Hospital's responses to the plaintiff's discovery requests dated
July 13, 2005, is attached hereto as Exhibit H.

Medivance, Inc.'s Motion for Summary Judgment
*Klemmer v. Providence Health, et al.*
Case No.: 3:05-cv-00294-RRB
(8983-1/243273)
Page 7 of 10

the alleged injury occurred on November 13, 2003, during Mr. Klemmer's surgery, and that the two year statute of limitations was running. Under these circumstances, the applicable statute of limitations, A.S. 09.10.070, bars the Klemmers' claims.

## CONCLUSION

The Plaintiffs claim that Mr. Klemmer was injured by the Arctic Sun Temperature Management System on November 13, 2003, an injury that was discovered immediately following his surgery. Although the Klemmers filed an original complaint on May 6, 2005, against the hospital and the anesthesiologist, they did not amend or otherwise notify Medivance that it was or should be a proper defendant in the action, as is required under Fed. R. Civ. P. 15(c). Therefore, Medivance is entitled to judgment as a matter of law and the claims of the plaintiffs against Medivance should be dismissed. "[E]ven if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and [] the right to be free of stale claims in time [] prevail[s] over the right to prosecute them."[29]

---

[29] *United States v. Marion*, 404 U.S. 307, 323; 92 S. Ct. 455, 465; 30 L. Ed. 2d 468, 480 (1971).

Medivance, Inc.'s Motion for Summary Judgment
*Klemmer v. Providence Health, et al.*
Case No.: 3:05-cv-00294-RRB
(8983-1/243273)

DATED at Anchorage, Alaska, this 28th day of February, 2006.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
Attorneys for Defendant
Medivance, Inc.


By:    s/ Frank A. Pfiffner
          Frank A. Pfiffner
          3900 C Street, Suite 1001
          Anchorage, Alaska  99503
          Telephone Number:(907) 263-8241
          Facsimile Number:(907) 263-8320
          FAP@hbplaw.net
          ABA No. 7505032

Medivance, Inc.'s Motion for Summary Judgment
*Klemmer v. Providence Health, et al.*
Case No.: 3:05-cv-00294-RRB
(8983-1/243273)

Certificate of Service

I hereby certify that on the 28th day of February, 2006, a copy of the foregoing Motion for Summary Judgment was served electronically on:

Donna J. McCready
Ashburn & Mason, P.C.
1130 West 6th Avenue, Suite 100
Anchorage, AK 99501-5914

Michael C. Geraghty
DeLisio Moran Geraghty & Zobel, PC
943 West 6th Avenue
Anchorage, AK 99501-2033

James D. Gilmore
Gilmore & Doherty
1029 W. Third Avenue, Suite 500
Anchorage, AK 99501


s/ Frank A. Pfiffner

Medivance, Inc.'s Motion for Summary Judgment
*Klemmer v. Providence Health, et al.*
Case No.: 3:05-cv-00294-RRB
(8983-1/243273)