IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

SHAWN KLEMMER and                )
STEPHANIE KLEMMER,               )
                                 )
                Plaintiffs,   )
                                 )
vs.                              )
                                 )
PROVIDENCE HEALTH SYSTEM -       )
WASHINGTON d/b/a PROVIDENCE      )
ALASKA MEDICAL CENTER;           )
PROVIDENCE ANCHORAGE             )
ANESTHESIA MEDICAL GROUP, P.C.;  )
and BARBARA M. CHEN, M.D.,       )
                                 )
                Defendants.   )   Case No. 3AN-05-7677 CI

## COMPLAINT

COME NOW plaintiffs Shawn Klemmer and Stephanie Klemmer, by and through their attorneys, Ashburn & Mason, and allege as follows:

### I – JURISDICTION

1. Shawn Klemmer and Stephanie Klemmer ("Klemmers") are husband and wife.

2. The Klemmers are residents of Anchorage, Alaska.

3. Upon information and belief, Providence Health System - Washington is a foreign corporation. It does business in the State of Alaska and owns, operates, and/or manages Providence Alaska Medical Center ("Providence").

4. Upon information and belief, Providence Anchorage Anesthesia Medical Group, P.C. ("PAAMG") is an Alaska corporation with its principal office located at 3300 Providence Drive, Suite 207, Anchorage Alaska 99508.

## II – GENERAL ALLEGATIONS

5. Plaintiffs incorporate paragraphs 1 through 4 in this Count.

6. On or about November 13, 2003 Mr. Klemmer underwent bypass surgery at Providence.

7. Dr. Barbara Chen was the anesthesiologist attending to Mr. Klemmer preoperatively and during his bypass surgery.

8. Dr. Chen evaluated and cared for Mr. Klemmer preoperatively and during his November 13, 2003 bypass surgery.

9. Upon information and belief, Dr. Chen is an officer, employee and/or agent of PAAMG.

10. Providence nursing staff attended to Mr. Klemmer in the operating room during his surgery on or about November 13, 2003.

11. Providence nursing staff regulated Mr. Klemmer's body temperature during his bypass surgery using the Arctic Sun System with two Arctic Sun pads.

12. Dr. Chen regulated Mr. Klemmer's body temperature during his bypass surgery using the Arctic Sun System with two Arctic Sun pads.

13. Providence nursing staff placed the Arctic Sun pads directly on Mr. Klemmer's back during his bypass surgery.

14. Providence nursing staff were responsible for the placement of the Arctic Sun pads.

15. Dr. Chen placed the Arctic Sun pads directly on Mr. Klemmer's back during his bypass surgery.

16. Dr. Chen was responsible for the placement of the Arctic Sun pads.

17. Providence nursing staff were responsible for monitoring Mr. Klemmer's body temperature during his bypass surgery.

18. Providence nursing staff were responsible for monitoring the Arctic Sun System during Mr. Klemmer's bypass surgery.

19. Dr. Chen was responsible for monitoring Mr. Klemmer's body temperature during his bypass surgery.

20. Dr. Chen was responsible for monitoring the Arctic Sun System during Mr. Klemmer's bypass surgery.

21. Mr. Klemmer entered the operating room at 7:49 a.m. on or about November 13, 2003.

22. Anesthesia care ended for Mr. Klemmer at 19:22 (7:22 p.m.) on or about November 13, 2003.

23. Dr. Chen made a notation in the anesthesia record that the Arctic Sun heating pads were turned off at 12:51 p.m. and turned back on at 15:09 (3:09 p.m.).

24. Mr. Klemmer suffered a full-thickness third degree burn to his back during his bypass surgery which measured approximately 10 cm x 15 cm.

25. As a result of the burn on his back Mr. Klemmer has required treatment by a plastic surgeon, as well as other healthcare providers.

26. Mr. Klemmer, as a result of the burn, has experienced nerve damage and/or nerve entrapment in his back.

27. Because of the burn, Mr. Klemmer has suffered a severe and permanent impairment and/or severe disfigurement resulting in economic and non-economic losses.

### III – ALLEGATIONS OF NEGLIGENCE AGAINST PROVIDENCE

28. Plaintiff incorporates paragraphs 1 through 27 in this Count.

29. Employees/agents of Providence were negligent in their care and/or monitoring of Mr. Klemmer during his bypass surgery.

30. Employees/agents of Providence lacked the skill, expertise, and/or training to properly monitor the equipment used to control Mr. Klemmer's body temperature during his November 13, 2003 bypass surgery.

31. The negligence of Providence was a direct and proximate cause of Mr. Klemmer's injuries including, but not limited to, severe and permanent impairment and/or severe disfigurement resulting in economic and non-economic losses.

### IV – ALLEGATIONS OF NEGLIGENCE AGAINST DR. CHEN

32. Plaintiff incorporates paragraphs 1 through 31 in this Count.

33. Dr. Chen is an officer/employee/agent of PAAMG.

34. At all times relevant to the allegations in this Complaint, Dr. Chen was acting individually and within the scope of her agency and/or employment with PAAMG.

35. Dr. Chen was negligent in her care and/or monitoring of Mr. Klemmer preoperatively and/or during his bypass surgery.

36. Dr. Chen either lacked the skill, expertise, and/or training to properly monitor the equipment used to control Mr. Klemmer's body temperature during his November 13, 2003 bypass surgery, or she failed to exercise the degree of care ordinarily exercised under the circumstances.

37. The negligence of Dr. Chen was a direct and proximate cause of Mr. Klemmer's injuries including, but not limited to, severe and permanent impairment and/or severe disfigurement resulting in economic and non-economic losses.

### V – VICARIOUS LIABILITY: PAAMG

38. Plaintiff incorporates paragraphs 1 through 37 in this Count.

39. The officers/employees/agents of PAAMG evaluated and cared for Mr. Klemmer preoperatively and during surgery.

40. The officers/employees/agents of PAAMG either lacked the degree of knowledge or skill possessed by other healthcare professionals in the field in which they were practicing or they failed to exercise the degree of care ordinarily exercised under the circumstances.

41. The officers/employees/agents of PAAMG were negligent in their evaluation and care of Mr. Klemmer preoperatively and during surgery. That negligence was a direct and proximate cause of Mr. Klemmer's injuries including, but not limited to, severe and permanent impairment and/or severe disfigurement resulting in economic and non-economic losses.

42. PAAMG is vicariously liable for the negligence of its officers/employees/agents.

WHEREFORE, plaintiffs pray for relief as follows:

1. Compensation for past and future pecuniary losses, including lost income and/or earning capacity, and future medical expenses;

2. Compensation for pain and suffering, loss of enjoyment of life and other noneconomic damages in excess of $100,000, the exact amount to be proven at trial;

3. Compensation to Stephanie Klemmer for loss of consortium and other noneconomic damages in excess of $100,000, the exact amount to be proven at trial; and

4. Costs of litigation, attorney fees, pre-and post-judgment interest, and such other relief as is warranted under the circumstances.

ASHBURN & MASON, P.C.
Attorneys for Plaintiffs

DATED: 5-6-05     By: _____
Donna J. McCready
Alaska Bar No. 9101003

P:\Clients\10198\Pleadings\Complaint - 050506.doc

COMPLAINT
*Klemmer v. Providence, et al.*
Case No. 3AN-05-_____ CI

Page 7 of 7

Ex. A, p. 7 of 7