Frank A. Pfiffner
HUGHES BAUMAN PFIFFNER
GORSKI & SEEFORF, LLC
3900 C Street, Suite 1001
Anchorage, Alaska 99503
Telephone Number: (907) 263-8241
Facsimile Number: (907) 263-8320
FAP@hbplaw.net
ABA No. 7505032

Attorneys for Defendant
Medivance, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SHAWN KLEMMER and STEPHANIE KLEMMER, <br><br> Plaintiffs, <br><br> vs. <br><br> PROVIDENCE HEALTH SYSTEM - WASHINGTON d/b/a PROVIDENCE ALASKA MEDICAL CENTER; KIMBERLY-CLARK CORPORATION, and MEDIVANCE, INC. <br><br> Defendants. | 3:05-cv-00294-RRB |

**AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
*Klemmer v. Providence Health System, et al.*
Case No. : 3:05-cv-00294-RRB
(8983-1/242154)     Page 1 of 9

Ex. G, p. 1 of 9

COMES NOW Defendant Medivance, Inc., by and through its attorneys, Hughes Bauman Pfiffner Gorski & Seedorf, LLC, and for its amended answer to the Plaintiffs' Amended Complaint, admits, denies, and alleges as follows:

1.  Medivance, Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph one of the Amended Complaint and accordingly denies all and the whole thereof.

2.  Medivance, Inc. admits the allegations contained in paragraph two of the Amended Complaint.

3.  Medivance, Inc. admits the allegations contained in paragraph three of the Amended Complaint.

4.  Medivance, Inc. admits the allegations contained in the first sentence of paragraph four of the Amended Complaint but denies the remainder thereof.

5.  Medivance, Inc. admits that Kimberly-Clark Corp. ("KCC") is a foreign corporation licensed to do business in Alaska but is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph five of the Amended Complaint and accordingly denies all and the whole thereof.

6.  Medivance, Inc. admits that Providence acquired an Arctic Sun Temperature Management System, Model 100 from it but is without knowledge or

AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
*Klemmer v. Providence Health System, et al.*
Case No. : 3:05-cv-00294-RRB
(8983-1/242154)          Page 2 of 9

Ex. G, p. 2 of 9

information sufficient to form a belief as to the remaining allegations contained in paragraph six of the Amended Complaint and accordingly denies all and the whole thereof.

7. Medivance, Inc. admits that paragraph seven of the Amended Complaint generally describes the application of the Arctic Sun Temperature Management System. However, detailed instructions for the use and application of the system are provided to users; to the extent plaintiffs have mischaracterized information in this paragraph Medivance, Inc. denies the same.

8-16. Medivance, Inc. admits that there is product literature that speaks for itself; to the extent plaintiffs have mischaracterized, misquoted, or lifted excerpts out of context, all allegations and inferences are denied. All remaining allegations in paragraphs eight through 16 of the Amended Complaint are denied.

17. Medivance, Inc. admits that it entered into a license and supply agreement with KCC relating to, among other things, the product in question on or about May 27, 2003. All remaining allegations in paragraph 17 of the Amended Complaint are denied.

18. Medivance, Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Amended Complaint and accordingly denies all and the whole thereof.

AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
*Klemmer v. Providence Health System, et al.*
Case No. : 3:05-cv-00294-RRB
(8983-1/242154)                Page 3 of 9                          Ex. G, p. 3 of 9

19. Medivance, Inc. admits that KCC has product literature that speaks for itself; to the extent plaintiffs have mischaracterized, misquoted, or lifted excerpts out of context, all allegations and inferences in paragraph 19 of the Amended Complaint are denied.

20. Medivance, Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Amended Complaint and accordingly denies all and the whole thereof.

21-23. Medivance, Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 21 through 23 of the Amended Complaint and accordingly denies all and the whole thereof.

24-37. Medivance, Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 24 through 37 of the Amended Complaint and accordingly denies all and the whole thereof.

38-58. Medivance, Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 38 through 58 of the Amended Complaint and accordingly denies all and the whole thereof.

59. Medivance, Inc. incorporates its answers to paragraphs one through 58 of the Amended Complaint by way of answer to paragraph 59 of the Amended Complaint.

AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
*Klemmer v. Providence Health System, et al.*
Case No. : 3:05-cv-00294-RRB
(8983-1/242154)        Page 4 of 9

Ex. G, p. 4 of 9

60. Medivance, Inc. admits that it manufactured an Arctic Sun 100 Temperature Management System and supplied one unit to Providence but otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 60 of the Amended Complaint and accordingly denies all and the whole thereof.

61-62. Medivance, Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 61 and 62 of the Amended Complaint and accordingly denies all and the whole thereof.

63-66. To the extent that the allegations in paragraphs 63 through 66 of the Amended Complaint are directed at Medivance, Inc. those allegations are denied.

67. Medivance, Inc. incorporates its answers to paragraphs one through 66 of the Amended Complaint by way of answer to paragraph 67 of the Amended Complaint.

68-70. To the extent that the allegations in paragraphs 68 through 70 of the Amended Complaint are directed at Medivance, Inc. those allegations are denied.

71. Medivance, Inc. incorporates its answers to paragraphs one through 70 of the Amended Complaint by way of answer to paragraph 71 of the Amended Complaint.

72-74. To the extent that the allegations in paragraphs 72 through 74 of the Amended Complaint are directed at Medivance, Inc. those allegations are denied.

AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
*Klemmer v. Providence Health System, et al.*
Case No. : 3:05-cv-00294-RRB
(8983-1/242154)                    Page 5 of 9                        Ex. G, p. 5 of 9

75. Medivance, Inc. incorporates its answers to paragraphs one through 70 of the Amended Complaint by way of answer to paragraph 74 of the Amended Complaint.

76-79. Medivance, Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 76 through 79 of the Amended Complaint and accordingly denies all and the whole thereof.

80. Medivance, Inc. denies any allegations in the Amended Complaint that have not been previously responded to herein.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim against Medivance, Inc. for which relief can be granted.

2. Plaintiffs' alleged injuries, damages, and/or losses were proximately cased by the actions of others, including unnamed third parties, to whom fault should be allocated pursuant to AS 09.17.080.

3. The product in question was misused and Medivance, Inc. should not be held accountable for that misuse.

4. The product in question, as designed, did not pose any unreasonable danger when employed by a trained and knowledgeable user.

5. Plaintiffs' alleged injuries were caused by the intervening and superseding negligence of other parties.

AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
*Klemmer v. Providence Health System, et al.*
Case No. : 3:05-cv-00294-RRB
(8983-1/242154)        Page 6 of 9                     Ex. G, p. 6 of 9

6.  Plaintiffs' had full knowledge of, accepted, and/or assumed all risks and possible adverse effects related to the procedure of open-heart surgery. Plaintiffs' recovery therefore is barred, diminished, reduced, or offset under the principles of assumption of the risk and/or informed consent.

7.  The Arctic Sun Temperature Management System is a medical device which is not sold to individual consumers, but is sold to hospitals and doctors who function as a "learned intermediary" between individual patients and Medivance, Inc. The Arctic Sun Temperature Management System was sold with adequate warnings and instructions to the hospital, and the hospital was aware of all facts and circumstances necessary to make a determination regarding the safe use of the Arctic Sun Temperature Management System with plaintiff.

8.  Plaintiffs' Amended Complaint with regard to the Arctic Sun Temperature Management System is barred, in whole or in part, by comments j and k to § 402(a) of the Restatement Second of Torts.

9.  Plaintiffs failed to mitigate their damages if any.

10. Plaintiffs' Amended Complaint is barred by the applicable statute of limitations (AS 09.10.070) in that the Amended Complaint, adding Medivance, Inc. as a party to the state court litigation, was not accepted for filing by the Superior Court until

AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
*Klemmer v. Providence Health System, et al.*
Case No. : 3:05-cv-00294-RRB
(8983-1/242154)                    Page 7 of 9                    Ex. G, p. 7 of 9

November 16, 2005, more than two years after the incident that allegedly caused damage to Plaintiffs.

11.   Medivance, Inc. reserves its rights to assert such additional affirmative defenses and/or claims which might be appropriate as facts are disclosed through discovery and/or trial preparation.

WHEREFORE, Defendant Medivance, Inc. requests relief as follows:

1.   For dismissal of Plaintiffs' Amended Complaint with prejudice;

2.   For an award of reasonable costs and attorneys' fees incurred in defending this action; and

3.   For such additional relief as the court deems just and appropriate.

DATED at Anchorage, Alaska, this 30th day of January, 2006.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
Attorneys for Defendant
Medivance, Inc.

By:   /s/ Frank A. Pfiffner
Frank A. Pfiffner
3900 C Street, Suite 1001
Anchorage, Alaska  99503
Telephone Number:(907) 263-8241
Facsimile Number:(907) 263-8320
FAP@hbplaw.net
ABA No. 7505032

AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
*Klemmer v. Providence Health System, et al.*
Case No. : 3:05-cv-00294-RRB
(8983-1/242154)   Page 8 of 9

Ex. G, p. 8 of 9

<u>Certificate of Service</u>

I hereby certify that on January 30, 2006, a copy of the foregoing Amended Answer to Plaintiff's Amended Complaint was served electronically on:

Donna J. McCready
Ashburn & Mason, P.C.
1130 West 6th Avenue, Suite 100
Anchorage, AK 99501-5914

Michael C. Geraghty
DeLisio Moran Geraghty & Zobel, PC
943 West 6th Avenue
Anchorage, AK 99501-2033

James D. Gilmore
Gilmore & Doherty
1029 W. Third Avenue, Suite 500
Anchorage, AK 99501

/s/ Frank A. Pfiffner

AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
*Klemmer v. Providence Health System, et al.*
Case No. : 3:05-cv-00294-RRB
(8983-1/242154)    Page 9 of 9

Ex. G, p. 9 of 9