Donna J. McCready
Ashburn & Mason, P.C.
1130 West Sixth Avenue, Suite 100
Anchorage, AK  99501
Phone:  (907) 276-4331
Facsimile:  (907) 277-8235

Attorneys for Shawn and Stephanie Klemmer

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| SHAWN KLEMMER and STEPHANIE KLEMMER,<br><br>        Plaintiffs,<br><br>vs.<br><br>PROVIDENCE HEALTH SYSTEM-WASHINGTON d/b/a PROVIDENCE ALASKA MEDICAL CENTER; KIMBERLY-CLARK CORPORATION, and MEDIVANCE, INC.,<br><br>        Defendants. | Case No. 3:05-CV-294-RRB |

**PLAINTIFFS' OPPOSITION TO MEDIVANCE'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Shawn and Stephanie Klemmer, through counsel Ashburn & Mason, P.C., oppose Defendant Medivance, Inc.'s motion for summary judgment based on the statute of limitations.  Mr. Klemmer suffered second and third degree burn injuries

caused by Medivance's Arctic Sun heating system during open heart surgery on November 13, 2003. The Klemmers filed their amended complaint naming Medivance and Kimberly Clark Corporation as defendants on Monday, November 14, 2005. Even if the statute of limitations began running on November 13, 2003 (despite the fact that Shawn Klemmer was unconscious and unaware of his injury until November 14), the Klemmer's amended complaint was timely filed, because November 13, 2005 was a Sunday.

## I.  Facts

The relevant facts are not in dispute. Shawn Klemmer underwent open heart surgery on November 13, 2003. The surgery lasted almost 12 hours. During the surgery, Providence's nursing staff and the anesthesiologist attempted to maintain Mr. Klemmer's body temperature with an Arctic Sun Temperature Management System, Model 100 manufactured by Medivance. Mr. Klemmer was sedated and unconscious through the surgery which concluded at approximately 7:30 p.m. and thereafter in the Intensive Care Unit at Providence until the next day, November 14, 2003. See Exhibit 1.[1]

---

[1] Exhibit 1 is the Critical Care record from 11/13/03-11/14/03 (Prov 2-0686-0689) showing that Mr. Klemmer was "sedated" with his level of consciousness from 8:00 p.m. on 11/13 through 6:00 a.m. on 11/14 documented as follows: eyes opening – no response; best verbal response – intubated; best motor response – none. Prov 2-0688.

PLAINTIFFS' OPPOSITION TO MEDIVANCE'S MOTION FOR SUMMARY JUDGMENT
*Klemmer v. Providence et al.;* Case No. 3:05-CV-294-RRB                         Page 2 of 6

After the surgery, when the Arctic Sun pads were removed from Mr. Klemmer's back, it was discovered that he had suffered a burn to an area on his back where the Arctic Sun pads had been placed measuring approximately 10 cm by 15 cm.

The Klemmers filed their initial complaint against Providence Health System-Washington and the anesthesiologist on May 6, 2005 and filed an amended complaint dismissing the anesthesiologist and adding Medivance and Kimberly Clark on November 14, 2005.

## II.     Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should only be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law. The moving party has the burden of showing that there is no genuine dispute as to any material fact.[2] "All evidence presented by the non-movant must be believed for purposes of summary judgment and all justifiable inferences must be drawn in favor of the non-movant."[3]

## III.    Argument

### A.    The Klemmers' Action Was Filed Within the Limitations Period.

The applicable statute of limitations is AS 09.10.070, which provides a two year

---

[2] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

[3] *Gaule v. Meade*, 402 F. Supp. 2d 1078, 1082 (D. Alaska 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct 2505, 91 L.Ed.2d 202 (1986)).

limitations period.  Under Alaska law,[4] in calculating a limitations period, the first day of the prescribed period is excluded and the last day is included.  *See Fields v. Fairbanks North Star Borough*, 818 P.2d 658, 660 (Alaska 1991); AS 01.10.080; AK Civ. R. 6(a).  Where the last day of the period is a holiday, it is excluded in the computation of time.  *Fields*, 818 P.2d at 660; AS 01.10.080; AK Civ. R. 6(a).  For purposes of this rule, Saturdays and Sundays when the court system is closed are "holidays."  *See David v. Sturm, Ruger & Co.*, 557 P.2d 1133, 1134-35 (Alaska 1976).

The effect of "excluding" holidays that would otherwise fall on the last day of a statutory period is to extend the period to the next business day.  Thus, in *David*, the Alaska Supreme Court held that an action filed on July 6, 1976 was timely when the plaintiff was injured on July 3, 1974, and July 3, 1976 was a Saturday, July 4th was a Sunday, and July 5, 1976 was a legal holiday.  557 P.2d at 1135.  Similarly, in *Fields*, the Court held that an action filed on the Monday following the two year anniversary of the start of the limitations period was timely.  818 P.2d at 661; *see also Jenkins v. Daniels*, 751 P.2d 19, 21 n.5 (applying *David* and holding action to be timely when filed on Monday following weekend anniversary of cause of action).

---

[4] In this diversity action, state substantive law, including Alaska's statute of limitation, applies.  *See, e.g., Nevada Power Co. v. Monsanto Co.*, 955 F.2d 1304, 1306 (9th Cir. 1992).

PLAINTIFFS' OPPOSITION TO MEDIVANCE'S MOTION FOR SUMMARY JUDGMENT
*Klemmer v. Providence et al.;* Case No. 3:05-CV-294-RRB                                        Page 4 of 6

For these reasons, the Klemmers' amended complaint, stating causes of action against Medivance and Kimberly Clark, was filed in a timely manner. Even assuming that Klemmers' action accrued on November 13, 2003 (despite the fact that Mr. Klemmer was unconscious and unaware of his injury until the next day), the two year anniversary of this date was a Sunday, and therefore a legal holiday. The amended complaint was filed on Monday, November 14, 2005, the next business day, and therefore was filed within the limitations period.

**B.    The Klemmers' Action Was Also Timely Based on the Discovery Rule.**

The discovery rule applies in Alaska tort actions. Under the discovery rule, a claim accrues when the plaintiff has sufficient information to begin an inquiry to protect his rights. *John's Heating Service v. Lamb*, 46 P.3d 1024, 1031 (Alaska 2002). The date on which the statute of limitations begins to run is a factual question. *Id.* In this case, although Medivance's Arctic Sun heating system severely burned Shawn Klemmer on November 13, 2003, Mr. Klemmer was sedated throughout his surgery and in the following hours, *see* the attached Exhibit 1, and did not regain consciousness until November 14, 2003. Thus, the earliest date that Mr. Klemmer could have discovered his injury was November 14, 2003, and his action is also timely when measured from that date.

## IV. Conclusion

For these reasons, the Klemmers action against Medivance was timely filed on November 14, 2005. Therefore, Medivance's motion for summary judgment must be denied.

                                    ASHBURN & MASON, P.C.
                                    Attorneys for Plaintiff

DATED: March 24, 2006           /s/   Donna J. McCready
                                        1130 West Sixth Avenue, Suite 100
                                        Anchorage, Alaska 99501
                                        Phone: (907) 276-4331
                                        Fax: (907) 277-8235
                                        E-mail: djm@anchorlaw.com
                                        Alaska Bar No. 9101003

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2006, a copy of the foregoing Plaintiffs' Opposition to Medivance's Motion for Summary Judgment was served electronically on:

Frank A. Pfiffner                                    Mike Geraghty
Hughes Baumann Pfiffner Gorski & Seeforf, LLC    DeLisio, Moran, Geraghty and Zobel, PC
550 W. 7th Avenue, Suite 1100                  943 W. Sixth Avenue
Anchorage, AK 99501-3563                      Anchorage, AK 99501

James D. Gilmore
Gilmore & Doherty, PC
1029 W Third Avenue, Suite 500
Anchorage, AK 99501

 /s/ Donna J. McCready

P:\Clients\10198\Pleadings - Federal\SJ Opp (SoL).doc