Frank A. Pfiffner
Hughes Bauman Pfiffner
Gorski & Seedorf, LLC
3900 C Street, Suite 1001
Anchorage, Alaska  99503
Telephone Number:    (907) 263-8241
Facsimile Number:     (907) 263-8320
FAP@hbplaw.net
ABA No. 7505032

Attorneys for Defendant
Medivance, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SHAWN KLEMMER and STEPHANIE KLEMMER,<br><br>            Plaintiffs,<br><br>vs.<br><br>PROVIDENCE HEALTH SYSTEM - WASHINGTON d/b/a PROVIDENCE ALASKA MEDICAL CENTER; KIMBERLY-CLARK CORPORATION, and MEDIVANCE, INC.<br><br>            Defendants. | 3:05-cv-00294-RRB |

## REPLY TO PLAINTIFFS' OPPOSITION TO MEDIVANCE'S MOTION FOR SUMMARY JUDGMENT

*Klemmer v. Providence, et al.*
Reply to Plaintiff's Opposition to Medivance's Motion for Summary Judgment
Case No.: 3:05-cv-00294-RRB
(8983-1/244721)

Plaintiffs have either misconstrued Medivance's Motion for Summary Judgment or have simply ignored the most compelling fact set forth therein in hopes that it will just go away. While Medivance disagrees regarding the Klemmers' claim that the injury was not discovered until November 14, 2003, as opposed to the 13th, it really does not matter because the filing of the amended complaint by the plaintiffs was not effective until November 16, 2005 -- two days after the latter of the proposed "discovery dates" offered by the plaintiffs.

Alaska Rule of Civil Procedure 15(a)[1] specifically provides that after a responsive pleading is served, a party may amend the party's pleading "only by leave of court or by written consent of the adverse party. . . ." Alaska Rule of Civil Procedure 15(a) was effective in this case until a pretrial order was entered by the court.

According to Alaska Civil Rule 16(e), pretrial orders setting filing dates and other deadlines "shall control the subsequent course of the action **unless modified by a subsequent order.**"[2] The discretion to modify a pretrial order *rests in the trial court.*[3] Therefore, once a pretrial scheduling order was entered by the Superior Court, it became the law of the case.

---

[1] This action was originally filed by the plaintiffs in the Superior Court, Third Judicial District, in Anchorage. Not until December, 2005, was the case removed to Federal District Court.

[2] *Sykes v. Melba Creek Mining, Inc.*, 952 P.2d 1164, 1169 (1998) (*citing* Alaska R. Civ. P. 16(e)) (emphasis supplied).

[3] *Id.* (*citing City of Kotzebue v. McLean*, 702 P.2d 1309, 1316 (Alaska 1985) (emphasis supplied).

*Klemmer v. Providence, et al.*
Reply to Plaintiff's Opposition to Medivance's Motion for Summary Judgment
Case No.: 3:05-cv-00294-RRB
(8983-1/244721)

A scheduling order was entered by the Superior Court on July 14, 2005, which specifically permitted parties to amend their pleadings and join parties without motion until August 12, 2005.[4]  This order became, according to Alaska R. Civ. P. 16(e), the governing law in this case, until amended by a subsequent order of the court.  Under this Order, any amendments to the pleadings, including those to add parties, had to be made prior to August 12, 2005, unless provided to the court with a motion.

On August 18, 2005 -- *six days after the previous deadline had expired* -- the Superior Court authorized an extension of the deadline to add parties from August 12, 2005 through September 30, 2005.[5]  Therefore, September 30, 2005 became the new deadline by which any amendment of the complaint must have been made if made without motion.  September 30, 2005 came and went without either amendment or motion for permission to amend being filed with the court.

Forty-seven days later, on November 16, 2005, the court granted permission for the filing of an amended complaint.[6]   This amendment was not made pursuant to the pretrial order – that deadline had expired on September 30, 2005.  The amendment was effective only once permission was granted by the court.  On that date, November 16,

---

[4] A copy of the July 14, 2005 Routine Pretrial Order is attached hereto as Exhibit A.
[5] A copy of the court's August 18, 2005 Order is attached hereto as Exhibit B.
[6] A copy of the court's November 16, 2005 Order was attached to Medivance's Motion for Summary Judgment as Exhibit B.

*Klemmer v. Providence, et al.*
Reply to Plaintiff's Opposition to Medivance's Motion for Summary Judgment
Case No.:  3:05-cv-00294-RRB
(8983-1/244721)

2005, the filing of the amended complaint became effective. But on that date, the statute of limitations had expired, and Medivance could not rightfully be added to the case.

The plaintiffs argue at length in their Opposition that Mr. Klemmer was sedated on November 13, 2003, and that he really did not discover the injury to his back until the morning of November 14, 2003. Under either scenario, however, whether the 13th or the 14th, the fact is the plaintiffs were tardy in seeking the court's permission to add Medivance to this case. The plaintiffs did not file their amended complaint on November 14, 2005, because they had no right to do so. They had to await the court's permission because they had not obeyed the pretrial scheduling order or the court's amendments thereto. Their submission of a proposed amended complaint is not synonymous with filing.

It is instructive to note that the Stipulation and Order submitted to the court by the parties to the case on November 14, 2005 makes no mention of the fact that the statute of limitations is expiring that day or that the plaintiffs have failed to notify Medivance that it is being added to the case.[7] There is no indication in the record that the Superior Court was advised by *anyone* prior to its signing of the permissive order that more than two years had passed since Mr. Klemmer's alleged injury had been discovered. There is no indication in the record that anyone advised Medivance or Kimberly-Clark Corporation prior to November 16, 2005, that they were being added to this case. Considering that

---

[7] See Exhibit B to Medivance's Motion for Summary Judgment.

*Klemmer v. Providence, et al.*
Reply to Plaintiff's Opposition to Medivance's Motion for Summary Judgment
Case No.: 3:05-cv-00294-RRB
(8983-1/244721)

more than a month and a half had passed since the deadline had *expired* for amending pleadings without permission of the court, and considering that they were submitting their proposed amended complaint to add the new parties on the day the statute would expire, would it not be appropriate to notify the court of (1) the reason for their delay in adding the new parties (to this date, no reason has been offered to explain the delay); or (2) the looming expiration of the limitations period?

It is easy for the parties to a case to stipulate to add another party to the case, and the reasons for doing so are no mystery, especially given Alaska's apportionment rules. The court should have been notified by the parties, however, that the limitations period was expiring on November 14, 2005 at the latest. There has been no explanation why, with the knowledge that Medivance was a manufacturer of the subject medical device, the parties should have waited until the day the statute of limitations expired to submit a proposed amendment to the court to add Medivance to the case.

As set forth more fully in Medivance's Motion for Summary Judgment:

> Statutes of limitation are primarily designed to assure fairness to defendants and to promote justice by preventing surprises through the revival claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared; moreover, the courts ought to be relieved of the burden of trying stale claims when a plaintiff has slept on his rights.[8]

---

[8] *United States v. Marion*, 404 U.S. 307, 323; 92 S. Ct. 455, 465; 30 L. Ed. 2d 468, 480 (1971).

*Klemmer v. Providence, et al.*
Reply to Plaintiff's Opposition to Medivance's Motion for Summary Judgment
Case No.: 3:05-cv-00294-RRB
(8983-1/244721)

This case is a clear example of the plaintiffs watching as their claims grow stale through the passage of time while contemplating if and when to bring Medivance into the case. There has been, simply stated, absolutely no justification offered by the plaintiffs for delaying until the two year limit has arrived before offering to the court a proposed amended complaint.

In summary, in order for the plaintiffs in this case to effectively file an amendment of their pleading and to add parties after September 30, 2005, they were required to obtain the permission of the court through the filing of a motion, which the court was then free to consider and rule upon. The plaintiffs knew that Medivance manufactured the Arctic Sun Temperature Management System no later than the early summer of 2005. Yet they waited until the day that the statute of limitations was to expire before even submitting the proposed amendment to the court for consideration. Forty-seven days after the deadline had passed for amending their pleadings, without being informed that the statute of limitations had expired, the court granted permission to amend.

Moreover, in their Opposition, the plaintiffs did not even bother to address the fact that they did not have permission to file an amended complaint until the court signed the November 16, 2005 order allowing the amendment, though the issue was raised in

*Klemmer v. Providence, et al.*
Reply to Plaintiff's Opposition to Medivance's Motion for Summary Judgment
Case No.: 3:05-cv-00294-RRB
(8983-1/244721)

Page 6 of 8

Medivance's Motion.[9]  Under these undisputed facts and the established law, Medivance, Inc. is entitled to summary judgment.

DATED at Anchorage, Alaska, this 28th day of March, 2006.

HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
Attorneys for Defendant
Medivance, Inc.


By:   s/ Frank A. Pfiffner
      Frank A. Pfiffner
      3900 C Street, Suite 1001
      Anchorage, Alaska  99503
      Telephone Number:(907) 263-8241
      Facsimile Number:(907) 263-8320
      FAP@hbplaw.net
      ABA No. 7505032

---

[9] Medivance, Inc.'s Motion for Summary Judgment at 3.

*Klemmer v. Providence, et al.*
Reply to Plaintiff's Opposition to Medivance's Motion for Summary Judgment
Case No.:  3:05-cv-00294-RRB
(8983-1/244721)

<u>Certificate of Service</u>

I hereby certify that on the 28 day of March, 2006, a copy of the foregoing Reply to Plaintiffs' Opposition to Medivance's Motion for Summary Judgment was served electronically on:

Donna J. McCready
Ashburn & Mason, P.C.
1130 West 6th Avenue, Suite 100
Anchorage, AK 99501-5914

Michael C. Geraghty
DeLisio Moran Geraghty & Zobel, PC
943 West 6th Avenue
Anchorage, AK 99501-2033

James D. Gilmore
Gilmore & Doherty
1029 W. Third Avenue, Suite 500
Anchorage, AK 99501


<u>s/ Frank A. Pfiffner</u>

*Klemmer v. Providence, et al.*
Reply to Plaintiff's Opposition to Medivance's Motion for Summary Judgment
Case No.: 3:05-cv-00294-RRB
(8983-1/244721)