Donna J. McCready
Ashburn & Mason, P.C.
1130 West Sixth Avenue, Suite 100
Anchorage, AK 99501
Phone: (907) 276-4331
Facsimile: (907) 277-8235

Attorneys for Shawn and Stephanie Klemmer

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| SHAWN KLEMMER and STEPHANIE KLEMMER, ) ) ) Plaintiffs, ) ) vs. ) ) PROVIDENCE HEALTH SYSTEM- ) WASHINGTON d/b/a PROVIDENCE ) ALASKA MEDICAL CENTER; ) KIMBERLY-CLARK CORPORATION, ) and MEDIVANCE, INC., ) ) Defendants. ) | Case No. 3:05-CV-294-RRB |

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY**

Defendant Medivance claims that it argued in its Motion for Summary Judgment that the Plaintiffs' Amended Complaint was not deemed to be filed until Superior Court Judge Sen Tan signed the November 16th, 2005 order allowing the amendment of the

complaint (upon the date it was filed, November 14th, upon stipulation of the parties). In fact, Medivance did not make this argument in its Motion but waited for its reply brief[1] and therefore Plaintiffs should have the opportunity to properly brief the fact that Defendant's argument is waived[2] and in the alternative that its argument raised for the first time in Reply is without merit.

In Medivance's Reply to Plaintiffs' Opposition to Motion for Summary Judgment it suggested that it raised this new issue on page 3 of its Summary Judgment Motion. Reply at 6-7. However, page 3 of Medivance's Summary Judgment Brief is comprised of the end of its "Fact Statement" and beginning of the recitation of the "Legal Standard." Medivance now claims in its Opposition to Plaintiffs' Motion for Leave to File Sur-Reply, that it also argued this point on page 7 when it stated that plaintiffs "'waited until after the two year limitation period had lapsed before seeking and obtaining permission from the court to add Medivance to this action.'" Opp. at 2. Medivance filed a 10-page Motion for Summary Judgment. Its Motion was made on

---

[1] Raising a new argument in a reply memorandum violates D. Ak. LR 7.1(b).

[2] *See, e.g., Demmert v. Kootznoowoo, Inc.*, 960 P.2d 606, 611 (Alaska 1998) ("The function of a reply memorandum is to respond to the opposition to the primary motion."); *Alaska State Employees Ass'n v. Alaska Public Employees Ass'n*, 813 P.2d 669, 671 n.6 (Alaska 1991) ("As a matter of fairness, the trial court could not consider an argument raised for the first time in a reply brief."); *Bittner v. State*, 627 P.2d 648, 649 (Alaska 1981) (holding that summary judgment may not be upheld based on grounds urged for the first time in the movant's reply memorandum).

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY
*Klemmer v. Providence et al.;* Case No. 3:05-CV-294-RRB                                Page 2 of 4

the general "grounds that more than two years elapsed following Mr. Klemmer's discovery of his alleged injury before the Klemmers filed their amended complaint adding Medivance to this action." SJ Motion at 2. The brief argued that Mr. Klemmer discovered his injury on November 13th, 2003 but filed his Amended Complaint on November 14th, 2005 and that the Klemmers did not "notify Medivance that it should be a proper party in June, July, August, September or October 2005." SJ Reply at 4 – 8.

The fact that Medivance made reference twice, obliquely, in its 10-page Summary Judgment Motion to the fact that Judge Tan signed an order on November 16, 2005 accepting the Amended Complaint on the date it was filed (November 14th) does not prove that Medivance preserved the argument it later made in its reply. Neither cited reference included any such argument. In fact, the original motion made **no** argument based on the November 16th order. Instead, Medivance saved its argument on this point to its 8-page reply. Plaintiffs have not had an opportunity to respond to the argument which was first made in Medivance's Reply Brief either by claiming the argument is waived or by responding to the merits.[3]

In conclusion, the Court should grant the Plaintiffs' Motion for Leave to file its Sur-Reply to allow Plaintiffs to respond properly to the argument, made for the first

---

[3] Plaintiffs' Sur-Reply cites case law that directly contradicts the Defendant's argument that "submission of a proposed amended complaint is not synonymous with filing." First Reply at 4.

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY
*Klemmer v. Providence et al.;* Case No. 3:05-CV-294-RRB                                                                 Page 3 of 4

time in Defendant's Reply to Plaintiff's Opposition to Motion for Summary Judgment, that the Amended Complaint was not timely filed because it was not in effect until Judge Tan signed the order on November 16th stating that the Amended Complaint was "accepted on the date it was filed, November 14, 2005."

                                      ASHBURN & MASON, P.C.
                                      Attorneys for Plaintiff

DATED:  April 3, 2006        /s/   Donna J. McCready
                                      1130 West Sixth Avenue, Suite 100
                                      Anchorage, Alaska 99501
                                      Phone: (907) 276-4331
                                      Fax: (907) 277-8235
                                      E-mail: djm@anchorlaw.com
                                      Alaska Bar No. 9101003

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2006, a copy of the foregoing Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion for Leave to File Sur-Reply to Defendant's Reply to Plaintiff's Opposition to Medivance's Motion for Summary Judgment was served electronically on:

Frank A. Pfiffner                                      Mike Geraghty
Hughes Baumann Pfiffner Gorski & Seeforf, LLC    DeLisio, Moran, Geraghty and Zobel, PC
550 W. 7th Avenue, Suite 1100                    943 W. Sixth Avenue
Anchorage, AK 99501-3563                        Anchorage, AK 99501

James D. Gilmore
Gilmore & Doherty, PC
1029 W Third Avenue, Suite 500
Anchorage, AK 99501

 /s/ Donna J. McCready

P:\Clients\10198\Pleadings - Federal\Reply SurReply 060403.doc

ASHBURN & MASON P.C.
LAWYERS
1130 WEST SIXTH AVENUE, SUITE 100
ANCHORAGE, ALASKA 99501-5914
TEL 907.276.4331 • FAX 907.277.8235

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY
*Klemmer v. Providence et al.;* Case No. 3:05-CV-294-RRB                        Page 4 of 4