IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SHAWN KLEMMER and STEPHANIE KLEMMER,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>PROVIDENCE HEALTH SYSTEM-WASHINGTON d/b/a PROVIDENCE ALASKA MEDICAL CENTER; KIMBERLY-CLARK CORPORATION, and MEDIVANCE, INC.,<br><br>                    Defendants. | Case No. 3:05-cv-0294-TMB<br><br>O R D E R |

INTRODUCTION

Before the Court is Defendant Medivance, Inc.'s motion for summary judgment. Docket Nos. 16 (Mot.); 23 (Opp'n); 24 (Reply). Defendant Kimberly-Clark Corporation moves to join Medivance's motion for summary judgment. Docket No. 19. Medivance asserts that it is entitled to judgment as a matter of law because Plaintiffs' claims against it are barred by the applicable statute of limitations.

BACKGROUND

Shawn Klemmer had open heart surgery on November 13, 2003. The Klemmers allege that during the surgery medical staff used an Arctic Sun Temperature Management System manufactured by Medivance in an effort to stabilize Mr. Klemmer's body temperature. Mr. Klemmer's surgery lasted nearly twelve hours. According to the complaint, after the surgery the Arctic Sun Temperature Management System was removed from Mr. Klemmer's back and it was discovered that he had suffered a burn on his back where the pads had been.

1

The Klemmers filed their initial complaint against Providence Health System-Washington on May 6, 2005, in Alaska Superior Court. On November 14, 2005, the Klemmers filed a stipulation allowing the filing of an amended complaint adding Medivance and Kimberly-Clark as defendants without motion. Docket No. 16, Ex. 4. The amended complaint was filed simultaneously. *Id.*, Ex. 5. On November 16, 2005, Superior Court Judge Sen Tan signed an order accepting the amended complaint. *Id.*, Ex. 4 at 3. Judge Tan's order specifies, "[t]he amended complaint is accepted on the date it was filed, November 14, 2005." *Id.*

On December 16, 2005, Medivance filed a notice of removal based on diversity of citizenship between the parties named in the amended complaint. Docket No. 1. Medivance now moves for summary judgment, arguing that the applicable statute of limitations has expired.

## DISCUSSION

The standards for summary judgment are well settled. Federal Rule of Civil Procedure 56 dictates that "[a] party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may . . . move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof." Fed. R. Civ. P. 56(a); *see also* Fed. R. Civ. P. 56(b) (providing the same standard for parties defending a claim). Summary judgment is appropriate if the Court finds that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court will construe all evidence and draw all evidentiary inferences in favor of the nonmoving party. 10A Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 2727, at 459 & n.5 (3d ed. 1998) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970)).

A dispute over a "genuine" material fact exists if the evidence would allow a reasonable fact-finder to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247–48. The nonmoving party may defeat the

ORDER

summary judgment motion by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986). However, mere allegations of factual dispute, without more, will not defeat an otherwise proper motion. *Angel v. Seattle-First Nat'l Bank*, 653 F.2d 1293, 1299 (9th Cir. 1981) ("A motion for summary judgment cannot be defeated by mere conclusory allegations unsupported by factual data.").

The parties agree that the applicable statute of limitations is AS 09.10.070. *See Guaranty Trust Co. v. York*, 326 U.S. 99, 110 (1945) (applying *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), to state statutes of limitations). AS 09.10.070 provides that actions for personal injury must be brought within two years of the accrual of the cause of action. "A cause of action accrues when a party knows or should know that he has a claim. Ordinarily this is the date on which the injury occurs." *Yurioff v. Am. Honda Motor Co., Inc.*, 803 P.2d 386, 388 (Alaska 1990) (citations omitted). However, "[w]hen the nature of the injury, or the nature of the cause of the injury, prevents a plaintiff from discovering facts essential to his claim, the discovery rule tolls the statute until the plaintiff discovers or reasonably should have discovered that he has a case." *Id*. at 389.

Here, Mr. Klemmer had surgery and sustained the injuries that are the subject of this litigation on November 13, 2003. Mr. Klemmer was apparently sedated until November 14, 2003, when he discovered the burns. However, whether Mr. Klemmer discovered his injuries on the 13th or 14th is inapposite here, because the two year anniversary of the date of the surgery, the 13th, was a Sunday, and the amended complaint was submitted the following Monday, which is sufficient to satisfy the statute of limitations. *See David v. Sturm, Ruger & Co.,* 557 P.2d 1133, 1134–35 (Alaska 1976).

Medivance argues that the statute of limitations expired as to it, however, because Alaska Rule of Civil Procedure 15(a) requires leave of court to amend a complaint once a responsive pleading has been filed. Therefore, it argues, the filing of the amended complaint was not effective until Judge Tan entered the order accepting the complaint on November 16, 2005. *See* Docket Nos. 16; 24 at 2–5. The Court is not convinced. Judge Tan's Order accepting the stipulation specifically stated that the amended complaint was accepted as of the date it was filed, November 14, 2006.

ORDER

**IT IS THEREFORE ORDERED:**

The motion for summary judgment at **Docket No. 16** is **DENIED**.  The motion for joinder at **Docket No. 19** is **DENIED AS MOOT.**  Plaintiffs' motion for leave to file a surreply at **Docket No. 25** is **DENIED AS MOOT**.

Dated at Anchorage, Alaska, this  25  day of April 2006.

                                                              /s/ Timothy M. Burgess
                                                             **TIMOTHY M. BURGESS**
                                                              United States District Judge