Frank A. Pfiffner
Hughes Bauman Pfiffner
Gorski & Seedorf, LLC
3900 C Street, Suite 1001
Anchorage, Alaska  99503
Telephone Number:    (907) 263-8241
Facsimile Number:    (907) 263-8320
FAP@hbplaw.net
ABA No. 7505032

Attorneys for Defendant
Medivance, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SHAWN KLEMMER and STEPHANIE KLEMMER,<br><br>             Plaintiffs,<br><br>vs.<br><br>PROVIDENCE HEALTH SYSTEM - WASHINGTON d/b/a PROVIDENCE ALASKA MEDICAL CENTER; KIMBERLY-CLARK CORPORATION, and MEDIVANCE, INC.<br><br>             Defendants. | <br><br><br><br><br><br><br><br><br><br><br>3:05-cv-00294-TMB |

## MOTION FOR RECONSIDERATION

Defendant Medivance, Inc. ("Medivance") moves this court to reconsider its April 25, 2006 Order denying Medivance's Motion for Summary Judgment on the grounds that

*Klemmer v. Providence, et al.*
Motion for Reconsideration
Case No.:  3:05-cv-00294-TMB
(8983-1/246086)

the basis for the court's decision was not briefed by either party and there is substantial state and federal case law which stands in opposition to the decision. Medivance further shows the court the following in support of this motion.

Plaintiff Shawn Klemmer filed a complaint on May 6, 2005, against several medical professionals and against Providence Health System – Washington d/b/a Providence Alaska Medical Center. The plaintiffs were aware when they filed their initial complaint that the Arctic Sun system was manufactured by Medivance, Inc., and certainly no later than July, 2005.[1] On Monday, November 14, 2003, long after the deadline had passed under the pretrial order for amending pleadings, the plaintiffs filed a motion to amend complaint to add Medivance and Defendant Kimberly Clark Corporation to the case. The Superior Court, two days after the expiration of the statute of limitations, executed an Order that claimed to accept the plaintiff's Amended Complaint as of the date it was filed, November 14, 2006. There is no indication in the record that the Court was placed on notice of the expiration of the applicable statute of limitations.

Alaska R. Civ. P. 15(c) states:

> Relation Back of Amendments: Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back

---

[1] *See* Medivance, Inc.'s Motion for Summary Judgment dated February 28, 2006, at pp. 6-7, and the records cited therein.

*Klemmer v. Providence, et al.*
Motion for Reconsideration
Case No.: 3:05-cv-00294-TMB
(8983-1/246086)

> to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, **within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against that party.**[2]

Medivance had no basis for knowing or anticipating that but for a mistake concerning its identity, the action would have been brought against it.

It is well settled in Alaska that the relation back requirements are construed strictly when the amendment adds a new party.[3] In *Atkins v. DeHavilland Aircraft Co. of Canada, Ltd.*, the Alaska Supreme Court noted that: "[t]he strict precedent indicates that the party seeking to amend must have made a true mistake concerning the identity or name of the proper party."[4] Perhaps more pertinent to the matter before this court, the Court in *Atkins* stated that: "[a] tactical decision, for instance, to omit a possible defendant bars the application of the relation back doctrine when a claim is later added against the omitted party.[5] The Court concluded that: "the policies behind the statute of

---

[2] (Emphasis supplied).

[3] *Atkins v. DeHavilland Aircraft Co. of Canada, Ltd.*, 699 P.2d 352, 354 (Alaska 1985)(citing *Adkins v. Nabors Alaska Drilling*, 609 P.2d 15 (Alaska 1980).

[4] *Id.*

[5] *Id.* (citing *Gutierrz v. Raymond International*, 86 F.R.D. 684 (S.D. Tex. 1980).

Klemmer v. Providence, et al.
Motion for Reconsideration
Case No.: 3:05-cv-00294-TMB
(8983-1/246086)

limitations are best served by adopting the conservative approach as the law in Alaska."[6] The court held that the attempted amendment did not relate back because the plaintiff did not show any mistake concerning the manufacturer's identity.[7]

Similarly, the court in *Gutierrez v. Raymond International, Inc.*,[8] refused to allow amendment of a complaint to add a party where everyone involved was on notice that the plaintiffs knew the identity of the proper parties and that the plaintiffs intended to proceed utilizing an alter ego theory.[9] The court stated:

> **Plaintiffs made a deliberate tactical decision. They cannot now claim that it was all a mistake.**[10]

Furthermore, in explanation of the 1966 amendment to Rule 15(c), the court informs:

> Rule 15(c) was not drafted to encourage piecemeal litigation wherein a party could pursue one tack comforted by the knowledge that he could amend if his efforts failed. Here the plaintiffs have had ample notice of the proper party.[11]

---

[6] *Id.*

[7] *Id.* at 354-55.

[8] 86 F.R.D. 684 (S.D. Tex. 1980).

[9] *Id.* at 685.

[10] *Id.* See also *Francis v. Pan American Trinidad Oil Co.*, 392 F.Supp. 1252, 1259 (D. Del. 1975).

[11] *Id.*

So too, did the parties to the present litigation have full notice of the product manufacturer, but elected to hold their cards until the last minute before filing, and in doing so, allowed the statute to expire.

Finally, this case is similar to *Francis v. Pan American Trinidad Oil Company*,[12] where plaintiffs had learned during discovery of the identity of the proper party, but had waited until the expiration of the statute of limitations to attempt to amend their complaint to add the party.

> The plaintiffs were aware of a prospective new party's ownership of the subject barge well prior to the running of the statute. Hence, even if Santa Fe (the prospective new party) had timely knowledge of the suit against Amoco, it would have had no reason to suspect that plaintiffs had made a mistake as opposed to a strategic choice of defendant.[13]

This is not a case where tolling of the statute is an issue, or where statutory grounds are provided which would enable the court to expand the existing statute of limitations. Moreover, no authority has been cited for the proposition that a court can revive a party's right to bring someone into a case after that right has expired, and to do so prejudices Medivance by breathing life into a claim against it that had died. Statutes of limitation are designed to protect potential defendants against having to litigate stale claims, and in this case Medivance is denied the protection of the applicable statute by

---

[12] 392 F. Supp. 1252 (D.Del.1975).

[13] *Id.* at 1259.

what Medivance contends, based on the record, was the casual use of standard language based on a lack of information by the Superior Court. Medivance respectfully requests that this court review the law cited herein and reconsider and reverse its decision on Medivance's Motion for Summary Judgment.

DATED at Anchorage, Alaska, this 1st day of May, 2006.

>HUGHES BAUMAN PFIFFNER
>GORSKI & SEEDORF, LLC
>Attorneys for Defendant
>Medivance, Inc.
>
>By:   s/ Frank A. Pfiffner
>      Frank A. Pfiffner
>      3900 C Street, Suite 1001
>      Anchorage, Alaska  99503
>      Telephone Number:(907) 263-8241
>      Facsimile Number:(907) 263-8320
>      FAP@hbplaw.net
>      ABA No. 7505032

Certificate of Service

I hereby certify that on the 1st day of May, 2006, a copy of the foregoing Motion for Reconsideration was served electronically on:

Donna J. McCready
Ashburn & Mason, P.C.
1130 West 6th Avenue, Suite 100
Anchorage, AK 99501-5914

Michael C. Geraghty
DeLisio Moran Geraghty & Zobel, PC
943 West 6th Avenue
Anchorage, AK 99501-2033

James D. Gilmore
Gilmore & Doherty
1029 W. Third Avenue, Suite 500
Anchorage, AK 99501


s/ Frank A. Pfiffner

*Klemmer v. Providence, et al.*
Motion for Reconsideration
Case No.: 3:05-cv-00294-TMB
(8983-1/246086)